IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD SLEZAK, | Case No. 25-cv-00287-SASP-RT |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| vs. | |
| STATE OF HAWAI'I, *et al.*, | |
| Defendants. | |

On February 25, 2026, *pro se* Plaintiff Richard Slezak filed a motion seeking the recusal of District Judge Shanlyn A.S. Park.  Dkt. No. 54.  The Clerk's Office randomly assigned the motion to this Court for consideration, Dkt. Nos. 55, 56.[1] For the reasons discussed below, the motion for recusal is DENIED.

Slezak brings his motion for recusal pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

---

[1]Slezak filed an identical motion in another matter before Judge Park, which was also referred to this Court.  *See Slezak v. Young Men's Christian Association of Maui*, 25-CV-00272, Dkt. Nos. 93, 97.  The substance of that motion is addressed in a separate Order on that docket.

Slezak provides a variety of grounds for recusal, all of which are meritless. Dkt. No. 93-1 at 1–2.  First, Slezak complains about several decisions made by Judge Park regarding the admission of evidence or testimony at evidentiary hearings, *id*. at 3–11, her issuance of an order striking a duplicative motion for temporary restraining order, *id*. at 10, and her decision to deny Slezak's motion for preliminary injunction with prejudice, *id*. at 12–13.  Unfavorable judicial decisions, however, are not proper grounds for recusal under Section 455(a).  *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (holding that "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (internal quotation marks omitted)); *United States v. Holland*, 519 F.3d 909, 914–15 (9th Cir. 2008) (holding that Section 455(a) "generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of the trial").  Slezak may argue that these decisions were issued in error, but a recusal motion is not the appropriate avenue to address those arguments.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that disagreements with judicial rulings "are proper grounds for appeal, not for recusal").

Slezak further argues that Judge Park's "repeated sanctions warnings" were "conduct that a reasonable person would find troubling."  Dkt. No. 93 at 11–12. Again, adverse judicial decisions are not grounds for recusal, and "troubling", whatever that means, is not the appropriate standard by which to measure recusal.

*See McChesney*, 871 F.3d at 807.  At any rate, the record reflects that the only warnings against Slezak in this action[2]  were issued by the Magistrate Judge, not Judge Park.  *See, e.g.*, Dkt. No. 22.

Finally, Slezak argues that his grounds "[t]aken together . . . present a cumulative pattern" supporting recusal.  Dkt. No. 54-1 at 14.  Grounds for recusal which are individually baseless cannot be added together to make some meritorious whole.  *See Reed v. Paramo*, No. 18-CV-361 (JLS)(DEB), 2023 WL 11992435, at *3 (S.D. Cal. May 15, 2023) ("Not only do [p]laintiff's individual grounds fail, but, since the whole is not greater than the sum of its parts in this matter, the aggregate of these grounds also does not provide grounds for disqualification." (internal quotation marks and alterations omitted)).  Just as Slezak's arguments are unpersuasive individually, they are equally so cumulatively.

"[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned."  *Holland*, 519 F.3d at 912 (internal quotation marks omitted).  Accordingly, as Slezak provides no legitimate reason as to why Judge Park's impartiality might "reasonably be questioned" pursuant to Section 455, the

---

[2] In his motion, Slezak refers to warnings issued by Judge Park in his other action.  *See Slezak*, 25-CV-00272, Dkt. Nos. 30, 33, 68.  The Court addresses these warnings in a separate Order on that docket.

Motion to Recuse, Dkt. No. 54, is denied, and Judge Park will continue to serve as the presiding judge in this action.

IT IS SO ORDERED.

DATED: March 17, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

*Richard Slezak v. State of Hawaii, et al; Civ No 25-00287 SASP-RT;* **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**